Case 4:24-cv-03492   Document 18   Filed on 11/05/24 in TXSD   Page 1 of 20

United States District Court
Southern District of Texas
**ENTERED**
November 05, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM FAY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERISOURCE SERVICES, INC.,<br><br>Defendant. | Case No. 4:24-CV-03492<br><br>Judge Charles Eskridge |
| SCOTT WAGNER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERISOURCE SERVICES, INC.,<br><br>Defendant. | Case No. 4:24-CV-03718<br><br>Judge Alfred H. Bennett |
| PAYSON CLARKE AND STACEY SANCHEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERISOURCE SERVICES, INC.,<br><br>Defendant. | Case No. 4:24-CV-03719<br><br>Judge Sim Lake |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Unopposed Motion to Consolidate Actions, Appoint Interim Co-Lead Class Counsel, and Set Scheduling Deadlines with Incorporated Memorandum of Law in Support ("Motion"). ECF 12. Having reviewed the Motion and the exhibits, the Court determines that consolidation of the above-captioned matters and the appointment of interim co-lead class counsel in this proposed class action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.[1]

### I.   Factual and Procedural Background.

Defendant Verisource Services, Inc. provides employee benefit administrative and enrollment solutions to employee-benefit management companies. ECF 1 at ¶ 1. *Clarke and Sanchez v. Verisource Services, Inc.*, *Wagner v. Verisource Services, Inc.*, and *Fay v. Verisource Services, Inc.* (together the "Related Actions"), are separate class actions that lie in the United States District Court for the Southern District of Texas. Each case arises out of a recent cyber-attack and data breach where a criminal actor successfully targeted and gained access to Defendant's

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 14.

allegedly inadequate computer systems which stored Plaintiffs' highly sensitive personally identifiable information ("PII"). ECF 12 at 6. The cyber-attack and subsequent data breach resulted in the compromise of highly sensitive PII belonging to at least 112,726 individuals. *Id.* The confidential PII includes Plaintiffs' and Class Members' names, Social Security numbers, and dates of birth. *Id.* In each case, the Plaintiffs allege that the criminals were able to steal their PII as a result of Defendants' failure to implement adequate security. *Id.*

On August 30, 2024, Plaintiffs Clarke and Sanchez filed a class action lawsuit against Defendant in the District Court of Texas, Harris County, alleging claims of: (i) negligence; (ii) negligence per se; (iii) breach of third-party beneficiary contract; (iv) unjust enrichment; and (v) declaratory and injunctive relief. Defendant removed the *Clarke* Action on October 1, 2024. On August 30, 2024, Plaintiff Wagner filed a separate class action lawsuit against Defendant in the District Court of Texas, Harris County, alleging claims of: (i) negligence and negligence per se; (ii) breach of third-party beneficiary contract; and (iii) unjust enrichment. Defendant removed the *Wagner* Action on October 1, 2024. On September 18, 2024, Plaintiff Fay filed an additional class action lawsuit against Defendant before the Court, alleging claims of: (i) negligence; (ii) breach of third-party beneficiary contract; and (iii) unjust

3

enrichment.  ECF 1.  Plaintiffs then filed, on October 3, 2024, an unopposed Motion to consolidate the Related Actions into one action, appoint interim co-lead counsel, and set a briefing schedule.  *Id.*

**II.     Analysis.**

Plaintiffs move to consolidate the Related Actions, as well as any other subsequently filed or transferred actions arising from the same subject matter, into the *Fay* Action, with the new title for the consolidated action being "*In re Verisource Services, Inc. Data Breach Litigation*."  ECF 12-4 at 2.  Plaintiffs also seek to appoint William B. Federman of Federman & Sherwood, John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A., as Interim Co-Lead Class Counsel.  ECF 12 at 7.  Finally, Plaintiffs propose a briefing schedule.  *Id.* at 20.  The Court first addresses the issue of consolidation and then appointment of interim co-lead counsel.

As a preliminary matter, motions to consolidate under Rule 42 and motions to appoint interim class counsel under Rule 23 are non-dispositive motions that are appropriate for memorandum and order by a magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(A); *Texas Dep't of Transp. v. Canal Barge Co.*, No. 4:20-CV-00868, 2020 WL 4335787, at *1 n.1 (S.D. Tex. July 28, 2020).

### A. Consolidation is appropriate.

Federal Rule of Civil Procedure 42(a)(2) permits courts to consolidate actions that "involve common question[s] of law or fact." FED. R. CIV. P. 42(a)(2). Courts consider six factors in determining whether consolidation is appropriate. Those six factors include: (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) the risk of prejudice or confusion if the cases are consolidated, and, if so, whether the risk of inconsistent adjudications of factual and legal issues, if the cases are handled separately, outweighs the risk of prejudice or confusion; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages of preparation. *Lee v. Samsung Elecs. Am., Inc.*, No. 4:21-CV-1321, 2023 WL 2328442, at *3 (S.D. Tex. Feb. 3, 2023) (citing *Pasley v. CenterPoint Energy Hous. Elec., L.L.C.*, No. CIV.A. H-11-2341, 2012 WL 360195, at *1 (S.D. Tex. Feb 1, 2012)). A court has wide discretion in determining whether to consolidate two or more cases. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). If consolidation would prejudice the rights of the parties, it must be denied. *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

Here, consolidation is appropriate. The Related Actions are all pending in the United States District Court for the Southern District of Texas, Houston Division. *See Fay*, ECF 1; *Clarke and Sanchez*, ECF 1; *Wagner,* ECF 1. The Related Actions have been brought against the same Defendant, involve the same data breach, raise parallel causes of action, and involve common questions of law and fact. *Id.* The Court is not aware of any risk posed to the parties by consolidation. Moreover, Plaintiffs' motion is unopposed. ECF 12, 15. Furthermore, these cases are in their infant stages, and consolidation would conserve judicial resources. Therefore, Plaintiffs' request for consolidation is granted.

### B. Appointment of interim class counsel is necessary.

Rule 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class action before determining whether to certify the actions as a class." FED. R. CIV. P. 23(g)(3). Further, the rule authorizes the court to designate interim counsel during the pre-certification process "if necessary to protect the interest of the putative class." FED. R. CIV. P. 23, advisory committee's notes to the 2003 amendment. Several circumstances may create the necessity for interim class counsel. For example, where there are several overlapping, duplicative, or competing suits that may be consolidated, a number of lawyers may compete for

6

class counsel appointment. "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class. . ." *Gedalia v. Whole Foods Market Services, Inc.*, No. 4:13-CV-03517, 2014 WL 4851977, at *2 (S.D. Tex. Sept. 29, 2014) (citing Manual for Complex Litigation (4th) § 21.11); *see also* 1 McLaughlin on Class Actions § 4:38 (10th ed.) ("Appointment of interim lead counsel should be considered in cases where multiple lawyers seek to represent the proposed class. . ."); *Lee*, No. 4:21-CV-1321, 2023 WL 2328442, at *5 (interim class counsel may be necessary where there is rivalry or uncertainty among counsel who will seek appointment as class counsel). However, when the lawyers who filed the original complaint are "likely to be the only lawyers seeking appointment," appointing interim class counsel may not be appropriate. *Lee*, No. 4:21-CV-1321, 2023 WL 2328442, at *5 (citing *Hilton v. Atlas Roofing Corp. of Mississippi*, No. CV 05-4204, 2006 WL 8456800, at *1 (E.D. La. Oct. 2, 2006)). Further, interim class counsel may be necessary so that one attorney will be responsible to prepare for class certification. *Id.* (citing *Kostka v. Dickey's Barbecue Rests. Inc.*, No. 3:20-CV-03424-K, 2022 WL 3904688, at *2 (N.D. Tex. Mar. 2, 2022)).

Plaintiff bears the burden of affirmatively proving interim class counsel is necessary. *Id.* at *6 (citing *Gedalia*, No. 4:13-CV-03517, 2014 WL 4851977, at *3).

7

Here, Plaintiffs have carried their burden to show that appointment of interim class counsel is necessary. First, Plaintiffs represent to the Court that the data breach affected at least 112,726 individuals and the Related Actions do not purport to represent all affected individuals. ECF 12 at 6. Thus, counsel expect additional suits will be filed against Defendant and then consolidated with this case. Subsequent cases may create rivalry or competition among counsel. Appointing co-lead counsel at this stage in the litigation process will serve to eliminate the potential for infighting among counsel.

Second, the attorneys who filed the Related Actions are not the only attorneys seeking appointment. Here, the attorneys of record are Joe Kendall of the Kendall Law Group, PLLC, William B. Federman of Federman & Sherwood, and John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC. *Id.* at 21. The attorneys seeking appointment are Federman, Nelson, and Jeff Ostrow of Kopelowitz Ostrow P.A. *Id.* at 5. Joe Kendall is not seeking appointment.

Third, appointing interim class counsel will protect the interests of the class by reducing confusion among future plaintiffs as new cases are filed and consolidated, reducing duplicative motions, and generally increasing efficiency and eliminating wasted litigation effort. *See McDonald v. PaperlessPay Corp.*, No.

8

3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *5 (M.D. Fla. Mar. 11, 2021) (noting that plaintiff had not identified any potential concern with competing suits in the future). Appointing Federman, Nelson, and Ostrow as co-lead interim counsel will allow future proceedings to be streamlined and will accomplish more than "merely maintaining the status quo." *Id.* (citing *In re Seagate Tech LLC Litig.*, Case No. 16-cv-523-RMW, 2016 WL 3401989, at *4 (N.D. Cal. June 21, 2016)); *see also Lee*, No. 4:21-CV-1321, 2023 WL 2328442, at *7. After considering the appropriate factors, the Court determines that Plaintiffs have demonstrated that appointment of co-lead interim class counsel is necessary to protect the interests of the putative class.

### C. William B. Federman, John J. Nelson, and Jeff Ostrow are adequate interim co-lead counsel.

"Designation or interim class counsel clarifies responsibility for protecting the interests of the class during precertification activities." *In re Municipal Derivatives Antitrust Litigation*, 252 F.R.D. 184, 185–86 (S.D.N.Y. 2008) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). When determining the adequacy of interim class counsel, courts apply the same factors considered for the appointment of class counsel under 23(g)(1)(A). *Id.* (citing *In re Air Cargo Shipping*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)). Those factors include: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience

9

in handling class actions, other complex litigations, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A). Courts may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the class. FED. R. CIV. P. 23(g)(1)(B).

William B. Federman, John J. Nelson, and Jeff Ostrow are adequate interim co-lead counsel. William Federman is the founder and managing member of Federman & Sherwood. ECF 12-3. Mr. Federman wields forty-one years of litigation experience dealing largely with class action suits. *Id.* at 2–3. Mr. Federman has also served as class counsel in four data security breach class actions since 2021. *See, e.g.*, *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021), vacated in part sub nom. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022); *Bowen v. Paxton Media Grp., LLC*, No. 5:21-CV-00143-GNS, 2022 WL 4110319 (W.D. Ky. Sept. 8, 2022); *Mackey v. Belden, Inc.*, No. 4:21-CV-00149-JAR, 2021 WL 3363174, at *1 (E.D. Mo. Aug. 3, 2021). In addition, Mr. Federman has served as lead counsel in a separate data breach class action pending in this District. *M.S.*

10

*and D.H. v. Med-Data, Inc.*, Case No. 4:22-cv-00187 (S.D. Tex.) (J. Eskridge). Mr. Federman lectures and publishes on the topic of data breach class actions and class actions more generally. ECF 12-3 at 2. Critically, Mr. Federman represents to the Court that Federman & Sherwood has adequate financial resources to support this class action. ECF 12 at 20 (noting that Federman & Sherwood is capable of funding litigation expenses in excess of one million dollars without relying on third-party funding).

John J. Nelson is an attorney at Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). ECF 12 at 14. Milberg has a proven track record of success in complex litigation and class action suits. ECF 12-2 at 3. Milberg consists of more than one hundred-twenty attorneys who have handled class actions in courts across the United States, including the Supreme Court. *See, e.g. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Mr. Nelson has been appointed as class counsel in numerous state and federal courts across the country, including the Southern District of Texas. *See, e.g. Feathers v. On Q Financial LLC*, 2:24-cv-00811 (D. Ariz); *Puller-Soto v. UNITE HERE*, No. 1:24-cv-01565 (S.D.N.Y); *Kohn et al. v. Loren D. Stark Company, Inc.*, No. 4:23-cv-03035 (S.D. Tex.) (J. Rosenthal).

Mr. Nelson and Milberg retain the necessary resources and relevant experience to adequately serve the interests of the putative class.

Jeff Ostrow is the Managing Partner at Kopelowitz Ostrow, P.A. ECF 12-1 at 2. Mr. Ostrow represents that he is the counsel of record in more than 150 pending data breach cases in state and federal courts. ECF 12 at 11. At least three of those pending actions are in Texas state and federal courts. *See Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.) (J. Lindsay); *Wilson v. Frontier Communications Parent, Inc.*, 3:24-cv-01418 (N.D. Tex.) (J. Lindsay); *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.). Additionally, federal judges have commended Mr. Ostrow's work as class counsel noting his skill, preparation, and clarity. *See Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018); *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, * 16 (S.D. Fla., Aug. 2, 2013); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Federman, Mr. Nelson, and Mr. Ostrow have begun investigating potential claims and remedies in the Related Actions. ECF 12 at 10. Each has extensive experience and knowledge in the fields of complex litigation, class actions,

and data breaches. Furthermore, their respective firms have demonstrated the capacity to fund and otherwise support the Consolidated Action going forward. Proposed Interim Counsel have satisfied the adequacy requirements under Rule 23(g)(1)(A). Plaintiffs' Motion to appoint co-lead interim counsel is granted.

### D. Plaintiffs' proposed briefing schedule.

Plaintiffs propose the following briefing schedule: Plaintiffs must file a Consolidated Complaint within thirty days after appointment of interim co-lead class counsel; Defendant must file a Motion to Dismiss or an Answer to the Consolidated Complaint within sixty days of Plaintiffs' Consolidated Complaint; Plaintiffs must file any Response to Defendant's Motion to Dismiss within thirty days; and Defendant must file any Reply within twenty-one days. ECF 12 at 20–21. Plaintiffs' requested briefing schedule is granted.

### III. Conclusion and Order.

For the reasons stated above, it is ORDERED that Plaintiffs' Motion (ECF 12) is GRANTED as set forth below:

1. Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates for all purposes (i) *Clarke and Sanchez v. Verisource Services, Inc.* (ii) *Wagner v. Verisource Services, Inc.*; and (iii) *Fay v. Verisource Services, Inc.* (each a "Related Action" and collectively, the "Consolidated Action"), into the *Fay* Action, as well

13

as any subsequently filed or transferred actions arising from the same subject matter, with the new title for the consolidated action being "*In re Verisource Services, Inc. Data Breach Litigation.*"

2. No further filings shall be made in Case No. 4:24-CV-03719, or Case No. 4:24-CV-03718, which shall be administratively closed after the filing of the Consolidated Complaint. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4. Plaintiffs shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in or transferred to this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within **ten (10) calendar days**. If the Court determines that the case is related, the clerk shall:

   a. Place a copy of this Order in the separate docket for such action;

   b. Serve on Plaintiff's counsel in the new case a copy of this Order;

   c. Direct this Order to be served upon Defendant(s) in the new case; and

    d. Make the appropriate entry on the Master Docket for the Consolidated Action.

5. The following briefing schedule is established:

    a. Plaintiffs' shall file a Consolidated Class Action Complaint within **30 days** after appointment of interim co-lead class counsel;

    b. Defendant shall file a Motion to Dismiss or Answer to the Consolidated Class Action Complaint within **60 days** of filing of the Consolidated Class Action Complaint; Plaintiffs shall file a Response to the motion to dismiss within **30 days** of Defendant's responsive pleading; and Defendant shall file any Reply in support of a motion to dismiss the Consolidated Class Action Complaint within **21 days** after the filing of the Response.

It is further ORDERED that, having given due consideration to the relevant factors set forth in Rule 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)–(iv), and finding that Proposed Interim Class Counsel meet the adequacy requirements thereunder, the court hereby appoints William B. Federman of Federman & Sherwood, John J. Nelson of Milberg Coleman Bryson Phillips

Grossman, and Jeff Ostrow of Kopelowitz Ostrow P.A. as Interim Co-Lead Class Counsel (collectively, "Interim Class Counsel").

Interim Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Class Counsel shall have the following responsibilities, duties, and sole authority to:

a. Draft and file the master Consolidated Complaint, and have final authority regarding the inclusion of parties and claims;

b. Determine and present to the Court and opposing parties in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, either personally or by a designee, the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court

d. Consult with and employ consultants and/or expert witnesses;

e. Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

f. Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

g. Enter into stipulations and agreements with Defendant;

h. Sign all papers filed on behalf of Plaintiffs and the putative class;

i. Convene meetings of all Plaintiffs' counsel, as necessary;

j. Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k. Conduct settlement negotiations with Defendant;

l. Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendant's counsel of changes thereto;

m. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from Defendant's counsel or the Court that are not electronically filed;

n. Appear at Court-noticed status conferences and hearings;

o. Serve as the contact person for all plaintiffs' counsel and as the

attorneys of record throughout the course of the litigation prior to class certification;

p. Delegate specific tasks to other plaintiffs' counsel in order to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q. Otherwise coordinate the work of all plaintiffs' counsel, and perform such other duties the Interim Class Counsel deem necessary to advance the litigation or are authorized by further Order of the Court;

r. Maintain and collect time and expense records for work performed, time billed, costs incurred, and other disbursements made by Plaintiffs' counsel whose work Interim Class Counsel has specifically authorized, and submit at the Court's request, in writing, ex parte and in camera reports to the Court regarding time billed in the prosecution of this action;

s. Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

  t. Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Interim Class Counsel.

It is further ORDERED that all other plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Class Counsel, except for an application to modify or be relieved from this Order.

It is further ORDERED that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

It is further ORDERED that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Local Rules of this Court.

It is hereby ORDERED that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

Signed on November 05, 2024, at Houston, Texas.

                                            Christina A. Bryan
                                      United States Magistrate Judge